Mr. Justice Hagner
delivered tbe opinion of tbe court:
This is an appeal from the ruling of a judge in chambers, made on the hearing of an application for a habeas corpus.
The petition was filed by Frantz Yon Dieselskie, who claimed that his son Ernest, a minor, was illegally held in custody by Colonel Gibson, the officer in command of the United States barracks in this city. Colonel Gibson produced the youth in court, and stated in his return that he held him under the articles of war, as a deserter. With the return Colonel Gibson filed two enlistments entered into ,by Ernest, the first-signed by him at Baltimore in August, 1885, in his own name, stating that he was born in Holp, Germany, and was a sailor by occupation. In the second enlistment, in which he gave his name as Schaffhausen, signed at St. Louis in October, 1885, he alleged that he was-born in Berlin, and was an architect by occupation. In each, his age was given as twenty-two years.
At the trial, under a traverse to the return authorized by section 160 of the Revised Statutes, the petitioner offered to prove that his son was a minor and would not be of age for another year; that when he enlisted at Baltimore, in August, 1885, it was without the consent or knowledge of the father ; that afterwards, in September, 1885, he was discharged from that enlistment in St. Louis, on habeas cor/ us, at the instance of the father, upon the ground- of his minority ; that his subsequent enlistment in October, 1885, under an assumed name, was also without the consent or knowledge of the father, and “ that- the said Ernest returned to the District of Columbia, where his-father resides, about the first of February, 1886, and has there remained working for wages since, until the time of his arrest upon 'the charge of desertion ; and that his father did not know until the time of the arrest that he had again enlisted.
But the court refused to hear said evidence, and rejected *487 the petitioner's offer, and held, in the words of the exception : “That the petitioner was estopped from proving such facts, by reason of the enlistment and re-enlistment of said Ernest, and his representations at such times that he was over the age of twenty-one years, and the apparent absence of restraint or control exercised by the father over the said Ernest; and that, the petitioner was further estopped from the fact that his son had been allowed freely to go about, and that he had once been discharged, on the ground of minority, and enlisted again, taking the usual oath; and that it would be a gross perversion of law to discharge him again after a second enlistment and oath.”
It was from this ruling the present appeal was taken.
We think the court below erred in rejecting this evidence.
By section lili, R. S. U. S., it is provided that “No person under the age of twenty-one year’s shall be enlisted or mustered into the military service of the United States without the written consent of his parents or guardians ; Provided, That such minor has such parents or guardians entitled to his custody and control.”
And by section 1118 “No minor under the age of sixteen years * * * shall be enlisted or mustered into the military service.”
The legal claims of the father cannot be made to turn upon a question of morality on the part of the son. In justice to the youth himself it. is proper to remark that the statements of his age in both enlistments were not made under oath, and that the only oath he took was that of allegiance and obedience to orders. However wrong in principle the false statement as to his age may have been, nevertheless, this conduct could not have the effect of making him, at the time of enlistment, over twenty-one years of age. As long as he remained a minor, he owed obedience to his father, who, under the circumstances set forth in the offer, had a right to control his conduct, to direct his labor and to receive his wages, and who was charged with the correlative duty to support and protect him, and prevent *488 him from entering into any engagements which might be inconsistent with his paternal rights.
The youth had attempted by the re-enlistment to enter into such an engagement, which he was as disqualified to make as a married woman would have been. Being inconsistent with the rights of the father it could not be enforced against his objection.
Of course it would be competent for Congress to pass a law that any person, whether of age or not, who should by false representations obtain bounty money and clothing, might be made answerable criminally for such act; and if the return to a habeas corpus should show that a minor was on trial before a court martial for such conduct, as a military offense, under such a statute, the court would not, in such case, discharge him, notwithstanding his minority.
Such was our decision where a soldier, acquitted by our criminal court on a charge of larceny, and afterwards convicted, by a court martial, of the military offense involved in the accusation, sought to be released by this court under habeas corpus. In re Esmond, 5 Mackey, 64; See also Re Davison, 21 Fed. Rep., 619, decided in 1884, by Judge Wallace, South. Dist. N. Y.
But the right of the United States to hold a minor for desertion depends upon the question whether the enlistment was a contract which the minor could legally make.
If the enlistment of this minor was illegal, as we have held it was, his illegal desertion could not be considered as-a criminal desertion, but rather as a disaffirmance by the minor of the illegal contract attempted to be made by bis second enlistment. As was held by Judge Blodgett in Ilanchett’s Case, 18 Fed. Rep-., 26, the most that can be said is that if the proper officers see fit to prefer charges against him, he may be tried ; but this does not devest this court of jurisdiction to discharge him on habeas corpus, if he was not properly enlisted.
; As it is not denied that the facts are as stated in the offer* it is unnecessary to remand the case; and we accordingly shall sign an order that the minor be discharged.
*489 Our action in this case is in accordance with the decision of Justices Clifford and Shepley in Seavey v. Seymour, reported in 3 Clifford, 439; and of Judge Blodgett in U. S. Deming v. Hanchett, in the northern district of Illinois in 4883 (18 Fed. Rep., 26).